O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ROBERT LACAMBRA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ORANGE COUNTY SHERIFF'S DEPT., et al.,<br><br>　　　　Defendants. | Case No. SACV 10-670-CAS (MLG)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On May 21, 2010, Plaintiff Robert Lacambra filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendant Orange County Sheriff's Department and four unnamed deputies violated his constitutional rights by failing to promptly investigate a citizen's complaint he filed regarding unlawful activity on the part of his brother, his sister-in-law, and the couple's lawyer, and by unlawfully seizing and impounding the motor vehicle that he was living in. On June 8, 2010, Defendants filed a motion to dismiss, asserting that Plaintiff had failed to state a claim upon which relief could be granted. Plaintiff filed an opposition to the motion on June 30, 2010. The matter is now ready for decision.

**I.    Facts**

Plaintiff alleges that on December 7, 2007, Orange County Sheriff's deputies came to his home on Country Lane Road in Laguna Niguel, California, and evicted him pursuant to a court order. As best that the Court can determine from the allegations in the complaint, the home was purchased in 2005 by Plaintiff, his brother Wilbert Lacambra, and his mother, Linda Lacambra. There was no written agreement regarding ownership of the home.

Apparently, Plaintiff had been living in the house. It was placed on the market for sale in 2007, but could not be sold. In the fall of 2007, Wilbert Lacambra leased the house to a third party. When Plaintiff refused to leave, Wilbert and his wife, Agnes Lacambra, through attorney Susan Angell, filed an unlawful detainer action against Plaintiff. Plaintiff contested the action but apparently lost, and was evicted by the Sheriff's Department pursuant to a court order.

Plaintiff believes that attorney Angell, in collusion with his brother and sister-in-law, submitted a false rental agreement to the superior court. He asserts that their conduct violated Cal. Penal Code §§ 132 and 182, relating to perjury and conspiracy. On or about July 1, 2008, Plaintiff went to the Orange County Sheriff's Department substation in Aliso Viejo and filed a report accusing Wilbert Lacambra and Susan Angell of criminal conduct, including perjury, conspiracy, and submitting false documents to the court. The Sheriff's Department took the report but did nothing more. Throughout 2009 and into early 2010, Plaintiff pursued his request for a criminal investigation. No investigation was made. Plaintiff claims that the Sheriff's Department's failure to investigate violated his

Fourteenth Amendment right to due process.

Meanwhile, Plaintiff became homeless in February 2008 and began living in his car.[1] On June 9, 2009, at 3:00 a.m., Plaintiff had the car parked in the parking lot of the Aliso Viejo Public Library when he was approached by two unknown deputies. Plaintiff claims that he was told that he had 72 hours in which to move the car. Notwithstanding, other deputies came to the library parking lot around 9:00 p.m. on June 9, 2009, ordered Plaintiff to remove his personal items from the vehicle, and had it towed away. Plaintiff claims that the officers lied to him about having 72 hours in which to remove the car. He alleges that the officers violated his Fourth and Fifth Amendment rights by impounding the vehicle.

**II.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where

---

[1] It appears that Plaintiff was living in the garage of the disputed house until February 2009, when he was removed.

3

a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

The Court in *Twombly* explained that a complaint is read in conjunction with Federal Rule of Civil Procedure 8(a)(2) which requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Id.* at 556 & n.3. While Rule 8 does not require "detailed factual allegations," it nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In considering Defendants' motion to dismiss, the Court must accept all factual allegations of the complaint as true and construe those facts, as well as the inferences from those facts, in the light most favorable to Plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). *Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citations omitted). However, the liberal construction doctrine "applies only to a plaintiff's factual allegations." *Neitzke v. Williams,* 490 U.S. 319, 330 n.9 (1989). The Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

//

**II. Analysis**

    **A.    Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted as to the Defendants Failure to Investigate His Allegations of Criminal Conduct**

Plaintiff's allegation that the Orange County Sheriff's Department violated his Fourteenth Amendment due process rights by failing to investigate his citizen's complaint fails to state a claim upon which relief may be granted.

"The Due Process Clause of the Fourteenth Amendment provides that '[n]o State ... shall deprive any person of life, liberty or property, without due process of law.' " *DeShaney v. Winnebago County Dept. Of Social Services*, 489 U.S. 189, 194 (1989). However, nothing in the language of the Due Process Clause "requires the State to protect the life, liberty and property of its citizens against invasion by private actors." *Id*. at 195. Therefore, state officials have no constitutional duty to protect the public from crime absent a special relationship between the state official and a particular member of the public, which only arises when the State restrains an individual's freedom to act on its own behalf. *See id*. at 200. In addition, police officers do not have an affirmative duty to investigate crimes in a particular manner or to protect one citizen from another. *See Gini v. Las Vegas Metropolitan Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994), *McKenna v. St. Louis County Police Dep't*, 2010 WL 56011, *4 (E.D. Mo. Jan. 4, 2010).

In this case, Plaintiff filed a report of criminal activity relating to the conduct of his brother, the brother's wife, and their attorney in a civil action which resulted in Plaintiff's eviction from a home that he claimed he owned. The Sheriff's Department had

no affirmative duty to investigate this claim of criminal conduct under *DeShaney*, particularly when there is no indication that any other constitutional right was implicated by the failure to investigate. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *see also Thompson v. Sosa*, 265 Fed.Appx. 544 (9th Cir. 2008); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005)("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations.") Plaintiff has failed to state a claim upon which relief may be granted and this claim should be dismissed with prejudice.

### C. Plaintiff has Failed to State a Fourth or Fifth Amendment Claim Arising from the Impoundment of His Vehicle

As noted, Plaintiff also alleges that his constitutional rights were violated when his vehicle was impounded. The complaint alleges that on June 9, 2009, Plaintiff was warned that he was required to move his vehicle or it would be towed within 72 hours. Plaintiff complains that he was not given the 72 hours he was promised to move the vehicle.

The complaint and exhibits submitted by Plaintiff demonstrate that the car was towed because it bore a registration that had expired over six months before. (Complaint, Ex. C.) It is also notable that Plaintiff admits that on June 9, 2009, the car was not capable of being driven because it needed a new starter and a new battery. Moreover, Plaintiff was not authorized to drive because his license had been suspended on April 4, 2009, for failure to make child support payments. (Compl., ¶ 18.)

To the extent that Plaintiff claims that the impoundment of his vehicle violated his constitutional rights, the face of the complaint shows otherwise. "The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). Impounding a vehicle is reasonable under the Fourth Amendment provided that: 1) probable cause exists to believe that there has been a vehicle violation that permits impoundment, and 2) impoundment constitutes a valid "community caretaking" function. *Id.* at 864.

The facts alleged in the complaint demonstrate that probable cause existed and that the deputies were legitimately carrying out their community caretaking duties when they impounded the car. Plaintiff's car was parked in a city-owned parking lot without valid registration tags, so there was probable cause to impound it under California Vehicle Code § 22651(o)(1)(A). Valid caretaking purposes include removing vehicles when "the driver is unable to remove...from a public location without continuing its illegal operation." *Miranda*, 429 F.3d at 865. The car was not registered, it was inoperable, and Plaintiff did not possess a valid driver's license. Plaintiff, or any other driver he may have been able to recruit, would not have been able to legally drive the car from the parking lot, even assuming it could have been repaired. Under these circumstances, there was no constitutional violation in impounding the vehicle.

Plaintiff's complaint that he was not given the 72 hours he was promised in which to move his vehicle similarly does not state a claim upon which relief may be granted. There is no statutory right under California law allowing a 72-hour grace period for removing a

vehicle without valid registration tags. Nor is there any right under the Constitution to a 72-hour grace period. Even assuming that Plaintiff was told by one deputy that he had 72 hours to move the vehicle, but that it was impounded by the same or another officer in a lesser period of time, Plaintiff has not identified, and the Court is not aware of any constitutional violation associated with such conduct. Plaintiff has failed to state a claim upon which relief may be granted.

To the extent that Plaintiff is alleging that the seizure of the car deprived him of property without due process of law under the Fifth or Fourteenth Amendments, he has similarly failed to state a claim upon which relief may be granted. Plaintiff does not state whether the alleged deprivation of her vehicle was negligent or intentional. To the extent that the deprivation was negligent, there is no constitutional violation. Even if Plaintiff were to allege that the deprivation was intentional, he cannot prevail on this claim.

It is well settled that an intentional deprivation of property does not violate procedural due process where "a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Merritt v. Mackey*, 827 F.2d 1368, 1372 (9th Cir. 1987); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). The Ninth Circuit has determined that California law provides an adequate post-deprivation remedy for property deprivations by the state. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). That Plaintiff has failed to avail himself of the remedies under California law is irrelevant. Plaintiff has failed to state a claim upon which relief may be granted against any Defendant for the impoundment of his vehicle. Moreover, Plaintiff could allege no facts

that would turn this incident into a cognizable constitutional violation.

### D. Leave to Amend Need Not Be Granted

A *pro se* litigant must ordinarily be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623. Here, leave to amend is not required as the deficiencies in the pleadings could not possibly be cured by the allegation of other facts because, as a matter of law, the alleged misconduct does not give rise to a constitutional violation. *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000); *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995).

## III. Conclusion

For the reasons stated, it is recommended that the complaint be dismissed with prejudice.

Dated: July 7, 2010

_____
Marc L. Goldman
United States Magistrate Judge

9